UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALBERT E. HOLLAND, JR. | Criminal No. 3:09cr139 (JBA)<br><br>June 30, 2014 |

**RULING ON DEFENDANT'S "MOTION FOR A RULING OF COMPLETE INNOCENCE IN THE ABOVE REFERENCED CASE"**

On May 12, 2014, Defendant Albert E. Holland, Jr. filed a "Motion for a Ruling of Complete Innocence" [Doc. # 151], asking the Court to "vacate his conviction and issue a ruling of complete innocence" in this case. At the time this motion was filed, Mr. Holland's separate 28 U.S.C. § 2255 petition was pending in which he sought to vacate or set aside his conviction and sentence. *See Holland v. United States*, 11cv1868 (JBA).[1] Although the "Motion for a Ruling of Complete Innocence" in this case largely repeats the claims asserted in his various filings in support of his petition for collateral review under § 2255, because Mr. Holland filed this specifically in his criminal case, the Court construes it as a motion for a judgment of acquittal or a new trial.[2] A motion for judgment of acquittal or a new trial must be brought no later than fourteen days after a

---

[1] Mr. Holland has filed numerous supplemental pleadings in the collateral action, including as recently as May 28, 2014. By contrast, there has been no activity in this case since November 2011, when the Second Circuit dismissed Mr. Holland's appeal, deeming him to be in default for failing to file an appellate brief and appendix. (*See* Mandate [Doc. # 147].)

[2] The Court recently issued a ruling, denying Mr. Holland's petition for collateral review and addressed the merits of many of the claims asserted in this motion. *See Holland v. United States*, 11cv1868 (JBA) [Doc. # 39].

guilty verdict, Fed. R. Crim. P. 29(c)(1), 33(b)(2), or three years after the guilty verdict if a motion for a new trial is "grounded on newly discovered evidence," Fed. R. Crim. P. 33(b)(1).  The jury returned a guilty verdict on April 15, 2010 [Doc. # 66] and this motion was filed May 12, 2014, over four years later.[3]  Accordingly, Defendant's "Motion for a Ruling of Complete Innocence" [Doc. # 151] is DENIED as untimely.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of June, 2014.

---

[3] In May 2010, Mr. Holland filed a timely post-trial motion [Doc. # 75] under Rules 29 and 33, which the Court denied [Doc. # 99].